IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DOUBLE S SERVICES, LLC,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 20-CV-388** |
| | § | |
| **PEL-STATE BULK PLANT, LLC,** | § | |
| **Defendant** | § | |

**DEFENDANT, PEL-STATE BULK PLANT, LLC'S NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Pel-State Bulk Plant, LLC ("Pel-State"), Defendant herein, and pursuant to 28 USC §§1441 and 1446, files this Notice of Removal of Cause No. 20-03-21011-CV pending in the 82nd Judicial District Court of Robertson County, Texas, from that court to the United States District Court for the Western District of Texas, Waco Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

**I.
Factual and Procedural Background**

1.1   Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit B is a copy of the Case Management Sheet and documents filed in the state court action are attached as Exhibits B-1 through B-8 as identified on the Index of State Court Documents.

1.2   On or about March 27, 2020, Plaintiff filed Plaintiff's Original Petition, styled *Double S Services, LLC vs. Pel-State Bulk Plant, LLC*, Cause No. 20-03-21011-CV, in the 82nd Judicial District Court of Robertson County, Texas. In summary, Plaintiff alleges that

on March 30, 2018, one of Pel-State's employees used Plaintiff's John Deer track hoe without permission to move an 18 wheeler the employee was driving and which had become stuck. (Ex. B-1). Plaintiff claims it had been retained by the property owner through which the road passed where the driver got stuck and that been storing the track hoe on the property. (Ex. B-1). Plaintiff claims the employee caused damage to the track hoe and pleads for damages of between $100,000 and $200,000. (Ex. B-1). The driver/employee of Pel-State is not a defendant in the Original Petition. (Ex. B-1). Plaintiff's claims against Pel-State include conversion, trespass to chattels and negligent supervision. (Ex. B-1).

1.3    According to an "Affidavit of Delivery" filed by Plaintiff on April 17, 2020, Plaintiff attempted service on Pel-State through their registered agent in Texas, Incorp Services, Inc. on April 2, 2020. (Ex. B-3). The Case Management Sheet shows that Plaintiffs did not file the Officers Return with the Court pursuant to Rule 107(g). (Ex. B, Ex. C). The state trial court signed an Interlocutory Default Judgment on Liability on August 24, 2020. (Ex. B-7). The Clerk of the Court mailed a copy of the Notice of Default Judgment on August 24, 2020 to Pel-State, which Bill Broyles, Pel-State's President, received at his home address on or about August 26th or 27th, 2020. (Ex. B-8.).

1.4    As discussed in Pel-State's Motion to Set Aside Interlocutory Default Judgment and Motion for New Trial, the trial court did not acquire jurisdiction over Pel-State because of insufficient service of process. *See Kingman Holdings, LLC*, 2016 U.S.Dist.Lexis 58469 at 4 (E.D.Tex.2016). Absent proper service, the defendant's deadline to remove does not begin to run. *See Kingman Holdings, LLC*, 2016 U.S.Dist.Lexis 58469 at 3. Defendant's removal is timely as it is within thirty (30) days of the receipt by Pel-State's President,

2929441v.2

## II.
## Basis for Removal

2.1    Defendant files this Notice of Removal within thirty (30) days of their receipt of Notice of Default which was received on August 26th or 27th, 2020. *See* 28 USC §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See* 28 USC §1446(b).

2.2    Removal is proper based on diversity of citizenship. 28 USC §§1332(a)1), 1441(a) and 1446.

**A.    The parties are of diverse citizenship.**

2.3    Plaintiff is, and was at the time the lawsuit was filed, a Texas limited liability company existing under the laws of the State of Texas. Its sole member is Terry Sanders, a citizens of the State of Texas. (Ex. D). Public Information Reports filed between Plaintiff's formation and 2017 do not indicate any change in membership. (Ex. D). The Public Information Reports continue to list Terry Sanders as residing in Franklin, Texas. (Ex. D). On information and belief, Plaintiff's sole member intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir.2011)(evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4    Defendant, Pel-State Bulk Plant, LLC is a Louisiana limited liability company existing under the laws of the State of Louisiana, with its principal place of business in Shreveport, Louisiana. Its members include Louisiana residents William Hilton Broyles, II, William Hilton Broyles, III and James Crawford Broyles, as well as George A. Gialenios, a Georgia resident. Therefore, complete diversity exists.

**B.     The amount in controversy exceeds the jurisdictional requirement for subject matter jurisdiction.**

2.5     In determining the amount in controversy, the court may consider the amount of monetary relief and demand specifically plead in the petition, which, in this case, is between $100,000 and $200,000. 28 USC §1446(c)(2). This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

## III.
## The Removal is Procedurally Correct

3.1     As previously noted, the trial court never acquired jurisdiction over Pel-State because of insufficient service of process. *See Kingman Holdings, LLC*, 2016 U.S.Dist.Lexis 58469 at 4 (E.D.Tex.2016). In the absence of proper service, the defendant's deadline to remove does not begin to run. *See Kingman Holdings, LLC*, 2016 U.S.Dist.Lexis 58469 at 3. Despite the foregoing, Defendant's removal is timely under 28 USC §1446(b) as it is well within thirty (30) days of their receipt of Notice of Default from the Robertson County District Clerk on August 26th or 27th, 2020.

3.2     Venue is proper in this District and Division under 28 USC §1446(a) because this District and Division include the county (Robertson) in which the state court action has been pending and because a substantial part of the events giving rise to Plaintiff's claims alleged occurred in this District and Division.

3.3     Pursuant to 28 USC §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 USC §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 USC §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Robertson County District Court, promptly after Defendant files this Notice.

## IV.
## Conclusion

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Pel-State Bulk Plant, LLC hereby removes this case to this Court for trial and determination.

Respectfully submitted,

        **WILSON ELSER MOSKOWITZ**
        **EDELMAN & DICKER LLP**

        */s/ Kent M. Adams*
        KENT M. ADAMS
        Texas Bar No. 00869200
        Kent.Adams@wilsonelser.com
        H. SCOTT ALEXANDER
        Texas Bar No. 00793247
        Scott.Alexander@wilsonelser.com
        909 Fannin Street, Suite 300
        Houston, Texas 77010
        Telephone: (713) 353-2000
        Facsimile: (713) 785-7780
        **ATTORNEYS FOR DEFENDANT,**
        **PEL-STATE BULK PLANT, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 11TH day of September, 2020 through the Court's automatic e-filing and service system, as well as by electronic mail on the following persons:

Roy Brantley         roy.brantley@westwebblaw.com
Tyler Granger        tyler.granger@westwebblaw.com
1515 Emerald Plaza
College Station, Texas 77845
Counsel for Plaintiff,
Double S Services, LLC

> */s/ Kent M. Adams*
> Kent M. Adams

2929441v.2