IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DOUBLE S SERVICES, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | 6:20-CV-00833-ADA-JCM |
| **PEL-STATE BULK PLANT, LLC,** | § | |
| *Defendant.* | § | |
| | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Double S Services, LLC's Motion to Remand (Plaintiff's Motion to Remand, ECF No. 13); Defendant Pel-State Bulk Plant, LLC's Response to Plaintiff's Motion to Remand (Defendant's Response, ECF No. 15); and Plaintiff Double S Services, LLC's Reply in Support of Plaintiff's Motion to Remand (Plaintiff's Reply, ECF No. 18). For the reasons set forth below, the Court finds Plaintiff's Motion to Remand should be **GRANTED**.

### I. BACKGROUND

**A. Procedural Background**

Plaintiff filed its Original Petition against Defendant in the 82nd District Court of Robertson County, Texas, on March 27, 2020. Pl.'s Mot. to Remand at 1. Plaintiff filed a Motion for Entry of Default Judgment and Certificate of Last Known Address on May 22, 2020 after Defendant did not answer the Petition. Pl.'s Mot. to Remand at 2. The State Court entered an Interlocutory Default Judgment on Liability against Defendant on August 24, 2020. Pl.'s Mot. to Remand at 2. Defendant removed the state-court proceeding to this Court on September 11, 2020. Pl.'s Mot. to Remand at 2.

**B. Factual Background**

Defendant's registered agent for service of process in Texas is InCorp Services, Inc., located in Austin, Texas. Pl.'s Mot. to Remand at 1. The District Clerk of Robertson County, Texas, issued the Citation and Original Petition on March 30, 2020. Pl.'s Mot. to Remand at 1. Defendant was served with process by delivery of the Citation and Original Petition to Defendant's registered agent in person on April 2, 2020. Pl.'s Mot. to Remand at 2. Plaintiff filed an Affidavit of Delivery constituting valid return of service with the Clerk of the State court on April 17, 2020. Pl.'s Mot. to Remand at 2.

The Officer's Return form was filled out by hand, and "Kevin Blanford" was written in the space where a sheriff or deputy would sign. Def.'s Resp. at 5. The "Sheriff" and "Deputy" designations were both struck through on the Officer's Return. Def.'s Resp. at 5. A section at the bottom of the Officer's Return that should be completed if a person is not a "sheriff, constable or clerk of the court" was not filled out or signed. Def.'s Resp. at 5. A signature also appears on the returned form. Def.'s Resp. at 7.

## II. LEGAL STANDARD

**A. Standard of Review**

Federal courts are courts of limited jurisdiction; we must presume that a suit lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2011). Accordingly, the party invoking federal jurisdiction bears the burden of establishing the propriety of its exercise. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *see Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001) ("Because the defendants invoked the removal jurisdiction of the district court, they bore the burden of establishing jurisdiction."). This burden is peculiarly

incumbent in the removal context; because removal raises serious federalism concerns, the removal statute must be strictly construed, and any doubts must be resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The removal statute states: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441. In order to exercise his right to proceed in federal court, a defendant must remove within thirty days of receipt of the initial pleading, whether through service of the initial complaint or otherwise. 28 U.S.C. § 1446(b)(1). However, when removability is not apparent on the face of the pleadings, 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The removal timeline is inflexible; "the statutory provisions relevant to removal and remand mandate that the litigants strictly comply with the applicable procedural requirements therein, including the time limits." *S.M. v. Jones*, 794 F.Supp. 638, 639 (W.D. Tex. 1992) (citing 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3732, at 527–28 (2d ed. 1985)).

Generally, "[t]he adequacy of service of process effectuated prior to removal is governed by the law of the state in which the action was originally filed." *Perez v. L-3 Commc'ns Corp.*, No. EP-06-CA-22-PRM, 2006 WL 1788182, at *2 (W.D. Tex. June 26, 2006) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

**B. Question of Law**

**i. Return of Service**

In Texas, service of process requires that the "officer or authorized person executing the citation must complete a return of service." Tex. R. Civ. P. 107(a). The return of service must "either be verified or be signed under penalty of perjury" and contain a specific statement if the latter option is selected. Tex. R. Civ. P. 107(e). "The return and any document to which it is attached must be filed with the court and may be filed electronically." Tex. R. Civ. P. 107(g). Default judgment shall not be granted until proof of service is on file with the "clerk of the court ten days." Tex. R. Civ. P. 107(h). Should the record fail to affirmatively show that citation and its service and return were properly done in strict compliance with the rules of civil procedure, then the attempted service is invalid. *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied).

### III. ANALYSIS

**A. Plaintiff properly effectuated service and completed a return of service.**

Plaintiff asserts that there is no basis in Texas law to support Defendant's contention that the "Officer's Return" form provided by a state court clerk is an obligatory element of Rule 107 of the Texas Rules of Civil Procedure. Pl.'s Mot. to Remand at 3. Plaintiff highlights that Texas Rule of Procedure does not affirmatively state that Plaintiff must execute and file an "Officer's Return." Pl.'s Mot. to Remand at 3. Furthermore, Plaintiff states that Defendant does not cite any authority to support the contention that failure to file a completed "Officer's Return" constitutes insufficient service of process. Pl.'s Mot. to Remand at 3.

Plaintiff states that the returned Affidavit of Delivery contains all the information required by Texas law. Pl.'s Mot. to Remand at 4. Plaintiff further argues the Affidavit of

Delivery contained a verification, the process server's signature, was signed before a notary public, and was electronically filed with the State Court, satisfying all requirements of Texas Rule of Procedure 107. Pl.'s Mot. to Remand at 4.

In its Response, Defendant asserts that the return of service required by Texas law is an "Officer's Return" that can be filled out by either an "officer" or an "authorized person." Def.'s Resp. at 2. Defendant further argues that the use of the word "must" throughout Texas Rule of Civil Procedure 107 creates a condition precedent that must happen or be performed before an obligation can be enforced. Def.'s Resp. at 2. Because the Rules of Civil Procedure have the same force and effect as statutes, it is appropriate to apply the same principles of construction. Def.'s Resp. at 3. Defendant cites case law to support the contention that strict compliance with the rules of service must appear on the record and that it is the responsibility of the party requesting service to see that it is properly reflected in the record. Def.'s Resp. at 3–4.

Defendant argues that the Affidavit of Delivery Plaintiff filed is not a substitute for the Officer's Return that Rule 107 requires. Def.'s Resp. at 4. Defendant cites to case law holding that striking through "constable" or "sheriff" indicates that the signor was not a constable or sheriff as required by Rule 107(e), so service was not proper. Def.'s Resp. at 6. Defendant also argues that the return's failure to include both the name and signature of the person who served citation falls short of compliance with Rule 107. Def.'s Resp. at 6–7. Because "Deputy" and "Sheriff" are marked through, and the name and illegible signature are not in the spot reserved for an "authorized person," it is not clear from the Officer's Return whom the name and signature belong to, their status, or their relationship to the return. Def.'s Resp. at 7. Defendant argues that this does not indicate strict compliance with Rule(b)(10), and the default judgment should be voided. Def.'s Resp. at 7.

Plaintiff argues in its Reply that Texas courts have not required a party to file the Officer's Return to effectuate Service. Pl.'s Reply at 1. Plaintiff states that private process servers are instructed to fill out the Officer's Return or draft it on a separate sheet of paper. Pl.'s Reply at 1–2. Plaintiff highlights that an "Officer's Return" is not specifically mentioned in Rule 107 and should not be an interchangeable term with "return of service." Pl.'s Reply at 2. Plaintiff also indicates that the cases cited by Defendant were decided before Rule 107's amendment in 2012. Pl.'s Reply at 3. Plaintiff states that case law now indicates that the failure to complete the Officer's Return attached to a citation does not constitute error on the face of the record. Pl.'s Reply at 3. Plaintiff asserts that the plain language of Rule 107 clearly states that the "return may, but need not, be endorsed on or attached to the citation. Pl.'s Reply at 4.

Texas Rule of Civil Procedure 107(a) states that the "authorized person executing the citation must complete a return of service." Tex. R. Civ. P. 107(a). Rule 107(b) contains a list of the required information in any return of service and documents attached to it. Tex. R. Civ. P. 107(b). In addition to this information, the authorized person who serves a citation must sign the return of service, and the return must be verified or signed under penalty of perjury by substantially following a specific statement. Tex. R. Civ. P. 107(e).

In the present case, Defendant chiefly challenges that the Affidavit of Delivery is a valid return of service, that the process server verified the Affidavit or signed it under penalty of perjury, and that the return of service was not adequately signed.

Beginning with Defendant's assertion that the Affidavit of Delivery is not contemplated by Rule 107, the text of Rule 107 does not require an "Officer's Return." *See* Tex. R. Civ. P. 107. Furthermore, in *Silva v. Saucedo*, the San Antonio Appeals Court indicated that other forms of the return of service are available because "[f]ailure to complete the form Officer's Return does

not constitute error on the face of the record." *Silva. v. Saucedo*, No. 04-18-00234-CV, 2018 WL 6624414, at *2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.).

In *Silva v. Saucedo*, there was no indication that the process server attempted to serve the defendant at the address that plaintiffs indicated service could be made at, and the officer's return accompanying the citations was blank. *Id.* at *1. Plaintiffs made a subsequent motion for substituted service that was supported by affidavits of the process server. *Id.* The process server then filed additional affidavits that he effectuated service at the address described in the motion for substituted service. *Id.* When defendant challenged the service's adequacy, the court held that "[f]ailure to complete the form Officer's Return does not constitute error on the face of the record." *Id.* at *2. The court further reasoned that affidavits filed by the process server can constitute a return of service. *Id.* Affidavits that "attest to the truth of the facts stated therein and are notarized . . . constitute verified returns." *Id.* Following this reasoning, other documents beyond an Officer's Return can constitute a valid return of service. In this case, the Affidavit of Delivery constitutes a valid return of service provided it satisfies the other statutory requirements.

Next, Defendant asserts that the process server did not verify or sign the return under penalty of perjury. Def.'s Resp. at 6. Though the return of service was not signed under penalty of perjury with the form required by Rule 107, the return can also be verified to constitute a valid return of service. Tex. R. Civ. P. 107(e). "Verified" as contemplated by Rule 107 requires some sort of an acknowledgment before a notary public. *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet. h.).

While Defendant argues that the process server's striking out of "Sheriff" and "Deputy" invalidated the return of service, that fact merely indicates that the return must be verified or signed under penalty of perjury. Def.'s Resp. at 6; *see* Tex. R. Civ. P. 107(e). While the process

server did not sign the return under penalty of perjury with the form required in Rule 107(e), a process server can verify the return by effectuating "some sort of acknowledgement before a notary public." *See Frazier*, 144 S.W.3d at 149. The process server signed the return of service "before a notary public," constituting some sort of acknowledgement before a notary public. Pl.'s Mot. to Remand at 4; Pl.'s Reply at 4; *see Goodman v. Wachovia Bank, Nat. Ass'n*, 260 S.W.3d 699, 703 (Tex. App.—Dallas 2008, no pet. h.). Because the process server verified the return of service by signing the Affidavit of Delivery before a notary public, the Affidavit of Delivery satisfies Rule 107(e).

Finally, Defendant argues that service was not adequate because the return of service did not contain both the name and signature of the person who served the citation. Def.'s Resp. at 7. Defendant argues that "because 'Deputy' and 'Sheriff' are marked through, and the name and illegible signature are not in the spot reserved for a 'authorized person,' the return of service does not meet Rule 107's requirement that the return of service contain the name and signature of the person who served the citation. Def.'s Resp. at 6–7. Defendant chiefly relies upon *Le Nguyen v. Lopez* to support this assertion. *Id.*

In *Le Nguyen v. Lopez*, a return of service contained a name on one of the lines a sheriff or constable would fill out if they effectuated service, but those titles were marked out. *Le Nguyen v. Lopez*, 582 S.W.3d 468, 472–473 (Tex. App.—Amarillo 2018), *modified on other grounds*, 2018 WL 5093286 (Tex. App.—Amarillo 2018, no pet.). The court stated that "the name of the person allegedly effectuating service was omitted from the return," and "nothing in the form expressly denominated . . . the person who served citation on [the defendant]." *Id.* at 472. Additionally, the signature was "illegible" and failed to indicate who made the signature. *Id.* Because the server's name was not located where the authorized person's name should appear

and the signature could not substitute for the name of the process server, the court held that the return of service failed to comply with Rule 107. *Id.*

In *Le Nguyen*, the court looked to the illegible signature to "fill the void" created by the uncertainty about whether the name listed on the return, Quang Ha, was the process server. *Id.* Furthermore, the court reasoned that the signature could not be used to fill the void because Rule 107 requires both a name and a signature. *Id.* If Quang Ha's name was ignored and the signature was substituted for the process server's name, the process server's signature was still missing. *Id.*

In the present case, "Kevin Blanford" placed his name on a line where a "Sheriff" or "Deputy" would sign but marked out those titles. Def.'s Resp. at 7. However, this fact only has the effect of indicating that "Kevin Blanford" was not a Sheriff, Constable, or Clerk of the Court and must have the return of service verified or signed under penalty of perjury. Tex. R. Civ. P. 107(e). The form for a signature under penalty of perjury is not completed, but verification is still sufficient to comply with Rule 107. Def.'s Resp. at 5; *see* Tex. R. Civ. P. 107(e). Additionally, in *Le Nguyen*, the only name that appeared on the return of service was in a part of the form that did not indicate the status of the person named. *Le Nguyen*, 582 S.W.3d at 472. Here, the name appears in a spot on the form that indicates "Kevin Blanford" was the process server, and the return contains a signature. Def.'s Resp. at 7. Though Defendant contends that the signature is illegible, an illegible signature is only insufficient to constitute the process server's name. *See Le Nguyen*, 582 S.W.3d at 472. When the name of the process server is contained in the Return of Service, the signature does not have to "fill the void" created by the absence of that name. *Id.* A signature renders invalid service of process when "the record shows on its face that the return was not signed by the person who was appointed to make the same." *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501, 504 (Tex. App.—Corpus Christi–Edinburgh 1980, no

writ). Because the signature does not indicate another person than the one who served process, it does not render service invalid. The return of service contains the name and signature of the process server, so it complies with Texas Rule of Procedure 107.

Because an Affidavit of Delivery can constitute valid return of service, the Affidavit was verified, and the Affidavit contained the name and signature of the process server, service of process was valid.

**B. Defendant's Notice of Removal was untimely.**

Plaintiff asserts that Defendant's removal of the case was untimely because the basis of federal jurisdiction was evident from the face of the pleadings and Defendant was properly served on April 2, 2020. Pl.'s Mot. to Remand at 4–5.

Defendant argues that the deadline to remove a case does not commence if Plaintiff does not properly serve Defendant. Def.'s Resp. at 8. Defendant argues that Plaintiff did not properly serve it because the Officer's Return was not completed as required by Texas law. Def.'s Resp. at 8.

In its Reply, Plaintiff reasserts that Defendant filed its Notice of Removal more than 130 Days after it was due. Pl.'s Reply at 5. Plaintiff contends that Defendant had until May 4, 2020 to remove the lawsuit but did not remove the suit until September 11, 2020. Pl.'s Reply at 4.

The parties agree that the Affidavit of Delivery was filed with the State Court on April 17, 2020. Pl.'s Mot. to Remand at 4; Def.'s Resp. at 4. Defendant contends that it removed the case on September 2, 2020. Def.'s Resp. at 8. Plaintiff contends that Defendant made its notice of removal on September 11, 2020. Pl.'s Mot. to Remand at 2. Regardless of which September date reflects Defendant's removal date, both are more than 30 days after service was effectuated and the Affidavit of Delivery was filed with the State Court. *See* 28 U.S.C. § 1446(b)(1). Defendant

does not argue that federal jurisdiction was not apparent from the face of the complaint and arose from "other paper." Def.'s Resp. at 1–4.

Because Defendant did not file a notice of removal within 30 days of "receipt . . . through service . . . a copy of the initial pleading," removal was untimely. 28 U.S.C. § 1446(b)(1).

## IV. CONCLUSION

Because Plaintiff properly effectuated service of process on April 2, 2020 and the Affidavit of Delivery was filed on April 17, 2020, Defendant's Notice of Removal was not timely. For this reason, Plaintiff's Motion to Remand this case to the 82nd District Court of Robertson County, Texas, is **GRANTED.**

**SIGNED this 20th day of May, 2021.**

_____
**ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE**